**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**(Fort Lauderdale Division)**

ATMOS NATION, LLC,
a Nevada Limited Liability
Company, and ATMOS
TECHNOLOGY, LLC,
a Florida Limited Liability
Company

Plaintiffs,

vs.

WINSTON TRADING CORP,
a Florida Corporation, and
DAVID BURSTYN, an
Individual, and DC 1
OF CORAL GABLES, LLC

Defendants

______________________/

**AMENDED VERIFIED COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTIVE RELIEF**

This is an action by Plaintiffs ATMOS NATION, LLC, a Nevada Limited Liability Company, and ATMOS TECHNOLOGY, LLC, a Florida Limited Liability Company, by and through the undersigned counsel, against Defendants WINSTON TRADING CORP, a Florida Corporation, DC 1 OF CORAL GABLES, a Florida Limited Liability Company[1], and DAVID BURSTYN, an individual, for the following: **Count I** – Trade Dress Infringement and Unfair Competition (Section 43(a) of the Lanham Act: 15 U.S.C. §1125(a)), **Count II** – Common Law Trade Dress Infringement, **Count III** – Patent Infringement under 35 U.S.C. § 271(a), **Count IV** – Federal False Designation of Origin and Unfair Competition (15 U.S.C.

[1] This complaint is being amended pursuant to Fed. R. Civ. P. 15(a)(1), which allows an amendment to be made once as a matter of course within 21 days of service of the complaint and summons. Since service of process has not been effected as of November 18, 2014, this amendment is proper.

§1125(a)), **Count V** – Florida Unfair Competition, **Count VI** – Florida Deceptive and Unfair Trade Practices Act (Florida Statutes §§ 501.204. 501.2015, and 501.211), **COUNT VII** – COPYRIGHT INFRINGEMENT – 17 U.S.C. §501)**,** and **Count VIII** – Unjust Enrichment, and as grounds for support thereof, states as follows:

**INTRODUCTION**

1. ATMOS NATION, LLC ("Atmos Nation") and ATMOS TECHNOLOGY, LLC ("Atmos Technology") (herein collectively referred to as "Plaintiffs" or "ATMOS") are in the business of designing, marketing, and selling portable vaporizers, e-cigarettes, and their accessories throughout the United States and the World under the brand name ATMOS RX®.

2. Vaporizers provide their users with a healthier way to inhale tobacco, eucalyptus, hops, chamomile, lavender, lemon, balm, sage, thyme, aromatherapy, dry herbs, and aromatic oils with a reduced negative impact on their health. Vaporizers break down substances into a vapor. Vaporization releases the essential, active elements of a substance, and virtually eliminates second hand smoke.

3. ATMOS is among the most prominent, best-selling, and innovative vaporizer companies in the United States and throughout the World.

4. The Defendants WINSTON TRADING CORP (hereinafter referred to as "Winston"), DC 1 OF CORAL GABLES, LLC[2] (hereinafter referred to as "DC1"), and DAVID BURSTYN (hereinafter referred to as "Burstyn," and collectively referred to as "Defendants") have willfully infringed Plaintiff's design patent, trade dress, and copyrights.

---

[2] The sole purpose of the amendment is to add an additional party, and DC 1 of Coral Gables, LLC, which upon information and belief is an additional alter-ego of Defendant David Burstyn.

5. Upon information and belief, Defendants Winston and DC1 are merely alter-egos of Burstyn, who has created single member corporations, in which he is both the sole officer and the registered agent.

6. On December 10, 2013, Atmos Technology registered patent no. US D695,450 (herein after "'450," see attached Exhibit "A") for the unique design of its traditional and award winning vaporizer (herein after referred to as the "Atmos RX® Vaporizer," depicted in the image below).



***Atmos RX® Vaporizer***

7. ATMOS has been selling the Atmos RX® Vaporizer, previously referred to as "Atmos Raw," since on or about 2011 (See attached Exhibit "B").

8. No Vaporizer product that preceded the ATMOS RX® Vaporizer looked like the ATMOS RX® Vaporizer.

9. The Defendants have caused to be manufactured and distributed a product that infringes on the Atmos RX® Vaporizer's trade dress, copyright, and design patent - the '450 Patent, which will herein be referred to as the "Infringing Product" (Please see attached Exhibit "C," also depicted below).

**BLACK**



***Infringing Product***

10. The Defendants willfully infringed on the design patent, trade dress, and copyrights of the Atmos RX® Vaporizer. The color scheme of the box, accessories, product manual, and the vaporizer itself, are nearly identical to the Atmos RX® Vaporizer.

11. The Defendants acted in bad faith and willfully infringed on the Plaintiff. Furthermore, the Defendants did not remedy the misconduct after being put on notice of the infringement.

12. As a result, the Defendants caused both monetary harm and irreparable injury to ATMOS, thereby necessitating the filing of this complaint and a permanent injunction preventing the Defendants from selling any more infringing goods.

## THE PARTIES

13. Plaintiff Atmos Nation is a Nevada Limited Liability Company, with its principal place of business in Davie, Florida.

14. Plaintiff Atmos Technology is a Florida Limited Liability Company, with its principal place of business in Davie, Florida.

15. Defendant Winston is a Florida Corporation, which lists its principal address as

2627 NE 203rd Street, Suite 100A, Aventura Florida 33180.[3]

16. Defendant DC1 is a Florida Limited Liability Company, with a principal address of 2627 NE 203rd Street, Suite 100A, Aventura Florida 33180, according to information provided to Sunbiz.org.[4]

17. Defendant David Burstyn is an individual, who upon information and belief, is over eighteen years of age and is a resident of Miami Dade County.

**JURISDICTION AND VENUE**

18. Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, 1338, and 1367. This case primarily involves a federal question.

19. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

20. Defendants are subject to general and specific jurisdiction of this Court by virtue of their substantial contacts with Florida, including but not limited to:

a) The Defendants' actions targeted ATMOS, a well-known vaporizer company, headquartered in Davie, Florida.

b) The Defendants have a pervasive web presence via websites, such as www.vaporsmarts.com and www.groupon.com, through which they routinely ship orders to customers in Florida.

21. All conditions precedent to this action have been met through performance, waiver, or otherwise.

22. Plaintiffs have retained the undersigned law firms to represent them in this action and are obligated to pay those firms a reasonable fee for their services.

---

[3] Professional Process Servers & Investigators, Inc. attempted service on 2627 NE 203rd Street, Suite 100A, Aventura Florida 33180; despite being listed as the Defendant's principal address on Sunbiz.org, the address was reportedly vacant on November 10, 2014.

[4] Upon information and belief, the Defendant resides at 12000 Biscayne Blvd. Suite 703, Miami, FL 33181. Accordingly, service will be attempted at that address.

## FACTUAL ALLEGATIONS

23. Plaintiffs are in the business of designing, marketing, and selling portable vaporizers and accessories throughout the United States and the World.

24. On November 8, 2011, Atmos Nation registered with the United States Patent and Trademark Office ("USPTO") federal trademark registration no. 4052873 for the "ATMOS RX" design mark for its business logo, under classification number 11 for "electric vaporizers" (See Composite Exhibit "D"). On November 8, 2011, Atmos Nation registered with the USPTO federal trademark registration no. 4052867 for the "ATMOS RX" word mark under classification number 11 for "electric vaporizers."

25. ATMOS does business throughout the world, and has registered its trademark in China, Norway, New Zealand, Switzerland, Korea, Japan, among others.[5]

26. On October 1, 2013, Atmos Nation registered with the USPTO federal trademark registration no. 4410411 for the "ATMOS RX" design mark for its logo, under classification number 34 for "Smoker's articles, namely, handheld electronic vaporizers for personal inhalation of dry herbs and oils" (See Composite Exhibit "D"). On October 1, 2013, Atmos Nation registered federal trademark registration no. 4410410 for the "ATMOS RX" word mark under classification number 34 for "Smoker's articles, namely, handheld electronic vaporizers for personal inhalation of dry herbs and oils" (See Composite Exhibit "D").

27. All of these registrations are valid, subsisting, in full force and effect and their registration constitutes prima facie evidence of their validity.

28. The ATMOS RX® Trademarks have been continuously used and have never been abandoned (collectively referred to herein as the "ATMOS RX® Marks").

[5] ATMOS has numerous additional trademarks and patents pending, which are expected to register shortly.

29. All the ATMOS RX® Marks are afforded protection under the law.

30. ATMOS has invested substantial resources in the development of its trade dress, copyrights, marketing, and trademarks.

31. The Defendants' Infringing Product, inclusive of its packaging (the box and color scheme) is nearly identical to the Atmos RX® Vaporizer.

32. Accordingly, the Defendants are manufacturing and/or selling a product, which appears to be nearly indistinguishable from the award winning Atmos RX® Vaporizer. However, the internal components of the Infringing Product are made of inferior quality materials to the Atmos RX® Vaporizer and are a potential health hazard to the general public.

33. The Defendants sell the Infringing Product through interactive websites, such as "www.vaporsmarts.com," in which they sell vaporizers throughout the United States, inclusive of Florida.

34. The Defendants also sell their product via Groupon, Inc. ("Groupon"), which is the owner of the website www.groupon.com.

35. In one particular sale on Groupon, the Defendants sold over five thousand (5,000) vaporizers. The Defendants have sold its products on Groupon on several different occasions (See Attached Composite Exhibit "E").

36. Upon information and belief, the Defendants have sold hundreds of thousands of the Infringing Product, which infringes on the Plaintiffs' design patent, trade dress, and copyright rights.

37. Upon information and belief, the Defendants are aware that Atmos has established one of the most successful vaporizer companies in the World and sought to

replicate that success by infringing on the Plaintiffs' intellectual property.

38. The Infringing Product is substantially similar in design and aesthetic look and feel to the genuine Atmos RX® Vaporizer (See attached pictures below contrasting side by side views).

39. The Infringing Product is substantially similar in design and aesthetic look and feel to the genuine Atmos RX® Vaporizer (See attached pictures below contrasting side by side views).



***Atmos RX® Vaporizer***

**BLACK**



***Infringing Product***

40. The suggested manufacturer's retail price of an authentic Atmos RX ® Vaporizer is one hundred twenty nine dollars and ninety five cents ($129.95).[6] The Infringing Product sells for two hundred and twenty nine dollars ($229.00), although the product is frequently discounted via Groupon.

[6] The price of the Atmos RX® Vaporizer was recently lowered from one hundred and eight nine dollars and ninety five cents ($189.95)

41. The Atmos RX® Vaporizer has distinctive and well-recognized trade dress, consisting of a tubular oval housing made of aluminum, a rubber mouthpiece, and a blue LED indicator light. Furthermore, the Infringing Product comes in the same colors as the Atmos RX® Vaporizer.

42. The box of the Infringing Product uses the same photoshopped images of the genuine Atmos RX® Vaporizer, but has merely redacted the name and design of the Atmos RX® Trademark.

43. In fact, the Infringing Product contains nearly the same components as the Atmos RX® Vaporizer, and includes a battery, ceramic heating chamber, chamber connector, ceramic filter, mesh filter and spring, rubber mouthpiece, cleaning brush tool, wall adapter, USB Charger, and a user manual.

44. Atmos, via an investigator, ordered the Infringing Product (See Attached Exhibit "F").

45. Upon information and belief, David Burstyn controls every facet of Vapor Smarts and the corporation is merely an alter ego designed to shield him from liability.

46. The Defendants went to elaborate lengths to ensure that nearly every aspect of the Infringing Product mirrors the Atmos RX® Vaporizer.

**47.** The owner manual of the Infringing Product is simply a photoshopped copy of the Atmos RX® Manual, subject to certain redactions, such as where the term Atmos RX® is used (see images below).




***Infringing Product on left – Genuine Atmos RX® Vaporizer on right.***




***Infringing Product on top – Genuine Atmos RX® Vaporizer on bottom***




***Infringing Product on top – Genuine Atmos RX® Vaporizer on bottom***

48. Furthermore, the Defendants copied the box of the Atmos RX® Vaporizer, only photoshopping off the name Atmos and its iconic "A." The sides of the box have been photoshopped off and left black (see images below on the following page).







***Back of Atmos RX® Vaporizer*** ***Back of Infringing Product***

49. On information and belief, the Defendants did not operate in commerce until long after ATMOS filed the Atmos RX® Marks in the United States.

50. Upon information and belief, Defendants did not infringe the ATMOS trade dress until long after the ATMOS trade dress was created.

51. Upon information and belief, Defendants are intentionally creating consumer confusion and trading off the great investment that ATMOS has made in its trademarks, trade dress, website, and products.

52. As a result of the Defendants' actions, ATMOS continues to suffer damages for a sum to be determined at trial. The amount of damages will only accrue until the Defendants are enjoined from selling these infringing ATMOS RX® Products.

53. ATMOS has expended significant sums of money and significant efforts

to promote its ATMOS RX® Marks, including internet advertising, point of sale materials, sponsorships, contests, and attendance at trade shows. Furthermore, ATMOS RX® is prominently featured in advertisements and promotions throughout the United States and the World.

54. As a result of ATMOS' substantial use and promotion of its marks, ATMOS has acquired great value for its products, which serve to distinguish ATMOS from that of its competitors.

55. The ATMOS RX® Marks are an asset of significant value as a symbol of its quality products and goodwill.

56. Upon information and belief, the acts of the Defendants' outlined herein are malicious, deliberate, and willful.

57. The Defendants' acts outlined herein have caused damage to ATMOS in an amount to be determined at trial. Such damages will continue to increase unless and until the Defendants are enjoined from their wrongful conduct.

58. The Defendants' acts outlined herein have caused ATMOS to suffer irreparable injury to its business.

59. As a direct and proximate result of the Defendants' actions, ATMOS suffered actual damages, while the Defendants have earned substantial profits, with the sum certain to be determined by a proper accounting at trial.

60. The name ATMOS RX®, and the logo and designs used by ATMOS, have acquired special meaning within the vaporizer industry. Accordingly, ATMOS has retained the undersigned law firms to bring this action.

## COUNT I: TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION (SECTION 43(A) OF THE LANHAM ACT: 15 U.S.C. §1125(A))

61. ATMOS realleges and incorporates herein the preceding paragraphs 1– 59 of this Complaint.

62. As set forth above, ATMOS has owned a valid and protectable interest in Atmos RX® Marks since before the acts of Defendants complained of herein. As a result of ATMOS' continuous, exclusive and extensive promotion and sale of Atmos RX® Vaporizers in commerce and the commercial success of their vaporizers, ATMOS' unique Trade Dress has developed secondary meaning amongst the relevant consumers as an identifier of the source of the vaporizers.

63. The Defendants' misappropriation of the ATMOS trade dress has created consumer confusion, reputational harm, and damage to the ATMOS brand in the market place.

64. Due to ATMOS' expansive advertising campaign and other efforts, ATMOS' trade dress is widely recognized by the general consuming public as a source of Atmos RX® Goods.

65. Atmos RX® Products are sold throughout the World. Since 2011, Atmos RX®'s brand recognition and the strength of its trade dress have continued to grow. As such, ATMOS' trade dress is a strong mark, and became well-known before the Defendants began selling or advertising the Infringing Product.

66. The features that comprise ATMOS' trade dress are non-functional, and rather a matter of aesthetics, which is likely to now and in the future, to cause confusion, mistake or deception as to the affiliation, connection or association of the Defendants with the Atmos RX® Vaporizers, and as to the origin, sponsorship or approval of Defendants' goods, in violation of Section 43 of the Lanham Act, 15 U.S.C.

**COUNT II – COMMON LAW TRADE DRESS INFRINGEMENT**

67. ATMOS realleges and incorporates by reference the averments of the preceding paragraphs 1 - 65 as though fully set forth herein.

68. Defendants have used in commerce, without ATMOS' consent, trade dress that is confusingly similar to ATMOS' trade dress.

69. Defendants' use of such trade dress is likely to cause confusion, deception, or mistake among consumers, in violation of Florida Common Law.

70. ATMOS is entitled to an award of damages from the Defendants for the loss of business and other monetary losses that ATMOS has suffered and will continue to suffer in the future as a proximate result of Defendants' misappropriation and infringement of ATMOS' trade dress. Alternatively, ATMOS is entitled to recover damages in an amount equivalent to the amount of profits that the Defendants have derived and may continue to derive as a result of their unlawful misappropriation and infringement of ATMOS' trade dress.

71. The Defendants' use of the ATMOS' trade dress has caused actual confusion in the marketplace.

72. As a direct and proximate result of Defendants' infringement, ATMOS has suffered damages.

**COUNT III: PATENT INFRINGEMENT - THE '450 PATENT**
**35 U.S.C. § 271(a)**

73. ATMOS realleges and incorporates by reference the averments of the paragraphs 1 - 71 as though fully set forth herein.

74. ATMOS is the owner of all the right, title and interest in the '450 Patent, entitled "Portable Pen Sized Herb Vaporizer," which was duly and legally issued by the

United States Patent and Trademark Office on December 12, 2013, from an application filed on December 14, 2012.

75. The design of Infringing Vaporizer is substantially similar to the overall features of ATMOS RX® Design as claimed in the '450 patent and as viewed by an ordinary observer.

76. The infringing product simply adds a small digital window at the bottom of the infringing vaporizer. The Court in Crocs, Inc. v. ITC held that "minor differences between a patented design and an accused article's design cannot, and shall not, prevent a finding of infringement." F.3d 1294, 1303 (Fed. Cir. 2010). Also See, Stanley, Inc. v. Creative Pipe, Inc., 2011 U.S. Dist. LEXIS 112846 (D.Md. September 30, 2011).

77. In violation of 35 U.S.C. § 271(a), the Defendants are directly infringing the '450 Patent by making, having made, using, importing, offering for sale, selling and/or marketing the Infringing vaporizers.

78. Based on the near-identical similarity between the Infringing Vaporizer and the Atmos RX® Vaporizer, it is clear that Defendants knowingly and intentionally copied '450 Patent, and have willfully infringed on ATMOS' intellectual property rights.

79. This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of ATMOS' reasonable attorneys' fees.

80. As a result of Defendants' aforesaid conduct, ATMOS has suffered substantial damage and irreparable harm constituting an injury for which it has no adequate remedy at law. Unless this Court enjoins Defendants' conduct, ATMOS will continue to suffer irreparable harm.

**COUNT IV: FEDERAL FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION (15 U.S.C. § 1125 (a))**

81. ATMOS realleges and incorporates by reference the averments of the paragraphs 1 - 79 as though fully set forth herein.

82. ATMOS is the exclusive rightful owner of common law rights in and to the ATMOS RX® Marks in the United States for use in connection with electric vaporizers and smoking accessories.

83. The ATMOS RX® Marks are inherently distinctive.

84. The Defendants' advertising using the ATMOS RX® Marks constitutes unfair competition in violation of Section 43(a) of the Lanham Act, because such use has caused, and is likely to continue to cause, confusion, mistake and deception, and is likely to mislead consumers and potential consumers.

85. In connection with the Defendants' advertisement, promotion, distribution, sales and offers of sales of their goods, the Defendants have affixed, applied and used false designation of origin and false and misleading descriptions and representations, including the ATMOS RX® Marks, which tend falsely to describe the origin, sponsorship, association or approval by ATMOS of the goods the Defendants sell.

86. Even if the Defendants' acts have not caused actual confusion, the Defendants' use of identical or confusingly similar to the ATMOS RX® Marks in connection with goods, which are nearly identical to those offered by ATMOS is likely to mislead and cause confusion.

87. The Defendants' acts constitute the use in commerce of false designations of origin and false or misleading descriptions or representation, tending to falsely or misleadingly describe or represent Defendants' products as those of ATMOS in violation of Section 43(a) of the Lanham Act, and 15 U.S.C. § 1125(a).

88. As a direct and proximate result of the Defendants' willful violations of the Lanham Act, ATMOS has sustained damages in the form of lost sales and other damages and damaged reputation. Moreover, the Defendants' continued actions will result in future diverted sales and damages to ATMOS as well as irreparable harm to ATMOS' business standing, reputation and goodwill.

**COUNT V – FLORIDA UNFAIR COMPETITION**

89. ATMOS realleges and incorporates by reference the averments of the paragraphs 1 - 87 as though fully set forth herein.

90. The Defendants' acts constitute unlawful, unfair or fraudulent business acts, practices or competition in violation of Florida Common Law.

91. As a result of the Defendants' unfair competition, ATMOS has been damaged.

92. Unless the Defendants' unfair competition is enjoined by the Court, the Defendants' will continue their unfair competition and otherwise continue to cause irreparable damage and injury to the Plaintiffs.

**COUNT VI - FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT (Fla. Stat. §§ 501.204. 501.2015, and 501.211)**

93. ATMOS realleges and incorporates by reference the averments of the paragraphs 1 - 91 as though fully set forth herein.

94. The Defendants' conduct is willful; the Defendants are engaged in unfair methods of competition, unconscionable acts or practices, and/or an unfair or deceptive acts or practices in trade or commerce in violation of Fla. Stat. § 501.204. 501.2015, and 501.211.

95. The products depicted on Defendants' advertisements and solicitations and sold throughout the United States are similar or identical to ATMOS and/or contain the ATMOS

RX® Marks and are designed to deceive or confuse the public.

96. ATMOS has suffered damages as a direct and proximate result of the Defendants' conduct.

97. Pursuant to Fla. Stat. § 501.211, ATMOS is entitled to the entry of an injunction enjoining the Defendants from any further violation of the statute as well as its attorneys' fees and court costs.

**COUNT VII – COPYRIGHT INFRINGEMENT – 17 U.S.C. §501**

98. ATMOS realleges and incorporates by reference paragraphs 1 - 96 above as if fully set forth herein.

99. ATMOS registered the Atmos RX® box, which is titled "Atmos RX," Registration Number VA 1-927-216, issued by the United States Copyright Office, with an effective registration date of September 8, 2014 (See attached Exhibit "G").

100. ATMOS applied to register the Atmos RX® Manual with the United States Copyright Office on October 31, 2014 (See attached Exhibit "H").

101. ATMOS owns the Federally Registered Copyright in the Atmos RX® Box and the pending Federal Copyright in the Atmos RX® Manual, which have been infringed by the Defendants.

102. The Atmos RX® Box and Atmos RX® Manual are both original productions, which contain copyrightable subject matter under the laws of the United States. Accordingly, ATMOS owns valid and subsisting copyrights in the Atmos RX® Manual and Atmos RX® Box.

103. Plaintiffs' copyrights are a valuable asset and integral to ATMOS' marketing and sales of the Atmos RX® Vaporizer.

104. The Defendants have appropriated designs and words that are identical or nearly identical to the genuine Atmos RX® Box and Atmos RX® Manual.

105. Such copying was made without authorization from the ATMOS, in violation of the exclusive rights that the Plaintiffs' own pursuant to the Copyright Act, 17. U.S.C. §106.

106. The copyright infringement by the Defendants was done intentionally, deliberately, willfully, with full knowledge, and in conscious disregard of ATMOS' copyright.

107. As a result of the Defendants' acts of infringement, ATMOS is entitled to recover their actual damages and/or any profits of the Defendants' attributable to the copyright infringement pursuant to 17 U.S.C. §504(b).

**COUNT VIII – UNJUST ENRICHMENT**

108. ATMOS realleges and incorporates by reference paragraphs 1- 106 above as if fully set forth herein.

109. The Defendants' acts complained of herein constitute unjust enrichment of under the common law of the State of Florida.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor and against the Defendant as follows.

A. Judgment be entered that Defendants have infringed the claim of the '450 Patent directly, either literally or under the doctrine of equivalents, and/or indirectly;

B. Judgment be entered that Defendants have infringed Atmos' trade dress pursuant to 15. U.S.C. §1125, and in violation of Florida common law, and has committed acts of unfair competition in violation of 15. U.S.C. §1125 and Florida common

law;

C. Judgment be entered that the Defendants have infringed the ATMOS' Federal Copyrights pursuant to 17 U.S.C. §504(b) and award actual damages;

D. Judgment be entered permanently enjoining Defendants and each of its officers, members, employees, owners, managers, agents, attorneys, successors, servants, subsidiaries, related entities, licensees, and assigns, and all persons acting in concert with any of the foregoing, from:

   i. Any further acts of infringement or inducement of infringement of the '450 Patent;

   ii. Selling, offering for sale, holding for sale, importing, advertising, or promoting any merchandise, goods, or services using trade dress that infringes the ATMOS' trade dress or any trade dress confusingly similar thereto; or

   iii. Doing any other act or thing that is likely to induce the belief that the Defendants' goods or services are in some way connected with Plaintiffs' goods or their respective businesses;

E. Judgment be entered that this case is an exceptional case under 35 U.S.C § 285;

F. Defendants be held liable and ordered to account for and pay to ATMOS:

   i. Damages adequate to compensate ATMOS for Defendants' infringement of ATMOS in an amount no less than a reasonable royalty pursuant to 35 U.S.C. § 284;

   ii. Defendants' respective total profits pursuant to 35 U.S.C. § 289;

iii. Treble damages pursuant to 35 U.S.C. § 284 based on Defendants' willful infringement of ATMOS' Patents, and pursuant to 15 U.S.C. § 1117(a) based on Defendants' willful infringement of ATMOS' trade dress;

iv. All gains, benefits, and advantages derived from the Defendants' wrongful use, misappropriation, and infringement of ATMOS' trade dress;

v. All losses and damages, including lost profits and costs for corrective advertising, suffered by ATMOS as a result of the Defendants' wrongful use and infringement of ATMOS' trade dress, including prejudgment interest and costs pursuant to 15 U.S.C. § 1117;

vi. Plaintiffs' reasonable attorneys' fees under 35 U.S.C. § 285 and 15 U.S.C. § 1117(a); and

vii. Plaintiffs' pre-judgment and post-judgment interest and costs pursuant to 35 U.S.C. § 284 and 15 U.S.C. § 1117(a);

G. Requiring Defendants to deliver to ATMOS for destruction of all Infringing Products, and any other products or other articles in its possession or control bearing Plaintiffs' trade dress, or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, screens or other means of making the same; and, that Defendants be required to recall all infringing product and any other products bearing Plaintiffs' trade dress from its customers and refund any monies paid for such products to its customers;

H. Requiring Defendants to deliver to ATMOS for destruction any and all stationary, circulars, catalogs, charts, brochures, advertising, labels, packages, and signs, and all other material in its possession or under its control which depict the Infringing Product or any other infringing trade dress or any trade dress confusingly similar thereto;

I. Declaring that the Defendants' actions complained of above constitute a violation of the Florida Unfair Practices Act, § 501.204, and enjoining Defendants from continuing such acts;

J. Declaring that Defendants' actions complained of above constitute a violation of Florida common law trade dress infringement and unfair competition and enjoining Defendants from continuing such; and

K. Granting ATMOS damages and such other and future relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

**(THE REST OF THIS PAGE IS INTENTIONALLY LEFT BLANK)**

**VERIFICATION**

Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.

By: Yariv Alima
Managing Member ATMOS NATION, LLC.
Managing Member ATMOS TECHNOLOGY, LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 18th day of November, 2014, the undersigned counsel filed the foregoing with the Clerk of the Courts for the Southern District of Florida using the CM/ECF system.

Respectfully submitted,

Shrayer Law Firm, LLC.
101 Northeast 3rd Avenue, Suite # 1500
Fort Lauderdale, FL 33301
Phone: (954) 601- 3732
Email: ghs@shrayerlaw.com

**/s/Glen H. Shrayer**

Glen H. Shrayer, Esq.
Fl Bar No. 57253

Respectfully submitted,

Khullar, P.A. / USAPatents.com
DKhullar@usapatents.com
4786 W Commercial Blvd
Tamarac, Florida 33319, USA

**/s/Divya Khullar**

Divya Khullar, Esq.
Fl Bar No. 101116